# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID M. ADAMS,** : | **CIVIL ACTION NO. 3:19-1572** |
| **Petitioner** : | |
| v. : | **(JUDGE MANNION)** |
| **WARDEN D. K. WHITE,** : | |
| **Respondent** : | |

### MEMORANDUM[1]

Petitioner David M. Adams ("Adams"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), presently confined at the Allenwood Low Security Correctional Institution (LSCI-Allenwood), White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on September 11, 2019, alleging that his due process rights were violated in the context of a prison disciplinary proceeding. (Doc. 1). As relief, he requests that the Disciplinary Hearing Officer's ("DHO") finding of guilty be overturned and seeks to vacate the sanctions levied against him, including the loss of good conduct time.

Respondent answered the petition on November 19, 2019. (Doc. 5). Adams did not file a reply.

---

[1] This matter has been reassigned due to the death of the Honorable James M. Munley.

The petition is ripe for disposition and, for the reasons that follow, will be denied.

## I.   Background

The BOP's disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541.1 through 541.8 (2011). These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. §541.5. Staff is required to conduct the investigation promptly, absent intervening circumstances beyond the control of the investigator. 28 C.F.R. §541.5(b).

Following the investigation, the matter is referred to the Unit Disciplinary Committee ("UDC") for an initial hearing pursuant to 28 C.F.R. §541.7. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. Id. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a "Greatest Severity Level Prohibited Act", the UDC refers the matter to a DHO for a hearing. Id.; 28 C.F.R. §541.3. Greatest Severity Level Prohibited Acts carry a possible sanction of, *inter alia*, loss of good conduct time credits.

On September 3, 2018, prison staff served Adams with Incident Report Number 3166455, charging him with Greatest Severity Level Prohibited Act 113, Possession of any Narcotic. The reporting officer, R. Greene, described the incident as follows:

> On 09-3-2018, at 6:15 P.M., Officer R. Greene, recovered 4 pieces of an unidentified orange film substance from inmate Adams, David, Reg. No. 67665-050, personal property, secured with his personal lock, in Gregg, B, Cube 60. The secured locker was identified to belong to Inmate Adams by mail labeled with his name on it. The items were secured and forwarded to SIS. On 9/5/18 the item(s) were tested by SIS Technician Clester, utilizing NIK Test Kit A-testing positive for Heroin, Test Kit U-testing positive for Methamphetamine and test kit K-testing positive for Opium Alkaloid, which validates the items identified as Suboxone.

(Doc. 1, p. 31). The UDC conducted a review and determined it appropriate to refer the matter to the DHO. (Id.). On October 5, 2018, prior to the DHO hearing, the incident report was revised to clarify the incident and include drug testing results concluding that the substance contained buprenorphine. (Id. at 30). The UDC then indicated that the incident required "Mandatory DHO referral". (Id.) The matter proceeded to a disciplinary hearing on October 25, 2018. The DHO determined that Adams committed the prohibited act and sanctioned him with the loss of various privileges and the loss of forty days good conduct time. (Doc. 5-1, pp. 14, 15). In accordance with the BOP's Administrative Remedy Program, Adams appealed the

DHO's decision to the BOP's Northeast Regional Office ("NERO"). The NERO remanded the matter for further review. (Doc. 1, p. 27).

On January 22, 2019, the incident report charging him with Prohibited Act 113, Possession of any Narcotic, was reissued with the following description of the incident:

> On 09-3-2018, at 6:15 PM, Officer R. Greene, conducted a searched in Gregg, B, Cube 60, and recovered 4 orange strips (unidentified substance), from inmate Adams, David, Reg. No. 67665-050, locker, secured with an inmate combination lock. The locker was identified as inmate Adams', by a piece of mail labeled with his name on it. The items were secured and forwarded to SIS. On 10/5/18, I tested the substance with the NIK test kit A, resulting in a positive test for opium alkaloids (purple color). I proceeded to test kit U, resulting in a positive test (burgundy color). I concluded with test kit K, resulting in a positive test for buprenorphine (purple color). A photograph of the unidentified substance is attached to the incident report.
>
> On 1-17-19, at 2:30-PM, (3) pieces of evidence (ECN: ALF-18-00151) were taken to the Allenwood Complex Pharmacy for physical and personal identification by SIS Tech J. Clester. Capt. V. Ganoe, Chief Pharmacist, examined the evidence, concluding that the items are identified as Suboxone 8mg/2mg sublingual film. (8mg Buprenorphine and 2mg Naloxone). On 1-18-19, V. Ganoe sent a verification memo to the SIS mailbox, confirming the results. The email/memo was received and opened on 1/22/19at12:56 by J. Clester.

(Doc. 1, p. 25; Doc. 5-1, p. 11). After seeking additional time to review the matter, the UDC referred the charges to the DHO. (Doc. 1, pp. 24, 25). On March 15, 2019, the DHO found Adams guilty of Prohibited Act 113. (Doc. 1,

pp. 21-23; Doc. 5-1, pp. 13-15). A forty-day loss of good conduct time was among the disciplinary sanctions imposed. (Id.; Id.). He received notice of the decision on March 21, 2019. (Id. at 23; Id. at 15).

On April 25, 2019, Adams appealed the decision to the NERO. (Id. at 17-20; Id. at 9). The NERO rejected the appeal due to untimeliness and a failure to comply with procedural requirements. Adams was afforded ten days to justify the untimeliness by providing staff verification that the untimely filing was not his fault and to comply with applicable procedural requirements. (Id. at 13-17; Id. at 10).

On May 15, 2019, he refiled his appeal. The appeal was denied on May 22, 2019, based on his failure to justify the untimeliness of the original appeal and for non-compliance with procedural requirements. (Id.; Id. at 11). Rather than correct the deficiencies at the NERO level, on June 23, 2019, he appealed to the Central Office. (Doc. 1, p. 11). The Central Office received the appeal on or about July 9, 2019. (Id. at 10). The appeal was rejected on July 18, 2019, for the same reasons set forth in the NERO's rejections. (Id.).

## II.  **Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. §2241(c)(3). The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Federal inmates possess a liberty interest in good conduct time. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). As such, Adams' claim, that his due process rights were violated in the context of the disciplinary hearing process, and that these violations resulted in a loss of good conduct time, is properly the subject of a habeas petition because it directly impacts the duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973).

Respondent argues that the petition should be denied based on Adams' failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 5, pp. 6-9). Despite the absence of a statutory exhaustion requirement attached to §2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under §2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000);

Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Significantly, exhaustion is not required where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). See also, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (concluding exhaustion is not required where petitioner demonstrates futility); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (finding that exhaustion is not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. The system first requires that an inmate present their complaint to staff before filing a request for administrative review, which staff shall attempt to

- 7 -

informally resolve. 28 C.F.R. §542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden on the appropriate BP-9 form within twenty calendar days of the date on which was the basis of complaint occurred. 28 C.F.R. §542.14(a). If the inmate is dissatisfied with the Warden's response, he may file an appeal on a BP-10 form to the Regional Director within twenty calendar days. 28 C.F.R. §542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. §542.18. If the inmate is dissatisfied with the Regional Director's response, that decision may be appealed on a BP-11 form to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. §542.15(a). This is the inmate's final available administrative appeal. The General Counsel has forty calendar days to respond. 28 C.F.R. §542.18. No request for administrative review is considered fully exhausted until pursued through all levels. 28 C.F.R. §542.15(a)). Importantly, when challenging a disciplinary hearing decision, an inmate can bypass the institutional level of review and file a direct written appeal using the appropriate BP-10 form to the BOP's Regional Director within twenty days after receiving the DHO's written report. 28 C.F.R. §542.14(d)(2).

Adams' April 25, 2019 appeal of the DHO's March 15, 2019 decision, which Adams received on March 21, 2019, was rejected because it was untimely and failed to comply with procedural requirements. The appeal was clearly untimely as it was filed approximately fifteen days after the twenty-day filing period expired. Despite these irregularities, the NERO afforded him the opportunity to resubmit the appeal and instructed him to address the untimeliness by providing staff verification stating the reason the untimely filing was not his fault and to correct the other procedural errors. Although he refiled the appeal on May 15, 2019, he failed to provide an explanation for the untimeliness and failed to correct the procedural irregularities. Rather than attempt to cure the deficiencies of the regional level appeal, he chose to pursue relief with the Central Office. The Central Office rejected the appeal for the same reasons cited at the regional level. Adams took no further action with regard to his appeal of the DHO's decision.

The record clearly demonstrates that he failed to fully and properly exhaust his administrative remedies. Even though NERO afforded him additional time to cure deficiencies, and provided with specific instructions to achieve success, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004).

Further, he does not demonstrate futility by identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Because Adams has not alleged facts that would permit a finding that exhaustion would have been futile, or that requiring exhaustion would subject him to irreparable injury, the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing him to invoke the judicial process despite failing to complete administrative review.

### III. Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.

A separate Order will issue.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**DATED:    May 4, 2020**
19-1572-01